MARY B. ROSSIER *vs.* HELEN G. MERRILL.

ALBERT P. ROSSIER *vs.* HELEN G. MERRILL.

HELEN ROSSIER, PRO AMI, *vs.* HELEN G. MERRILL.

Kennebec.    Opinion, September 1, 1942.

*F. Harold Dubord,*

*Ralph W. Farris,* for the plaintiffs.

*Locke, Campbell & Reid,* for the defendant.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, JJ.

THAXTER, J.   There are involved here three cases each of which after a verdict for the plaintiff is before us on a general motion for a new trial and on exceptions. The damages claimed arose out of an automobile collision caused as is alleged by the defendant's negligence. We shall consider only the motions.

On July 2, 1940, the plaintiff, Albert P. Rossier, was driving his Studebaker automobile in a southerly direction over the Oakland Belgrade highway. This road was sixteen feet wide with gravel shoulders one foot wide on each side. He had with him as passengers the other two plaintiffs, Mary B. Rossier, his wife, and Helen Rossier, his stepdaughter, also his son and a lady who was visiting them. Mrs. Rossier was in the front seat, the others in the rear. The only persons who could give direct testimony as to what happened were the occupants of the two cars which collided, but neither the son nor the other lady was available to testify at the trial. Mr. Rossier's story is in its important aspects corroborated by his wife and his daughter.

He was travelling on his right-hand side of the road at a speed of between thirty-five and forty miles an hour, the wife says between thirty and thirty-five, the daughter says thirty-five. When he was at a point about abreast of the Johnson farm, so called, his steering gear let go, caused as was afterwards discovered by a broken tie rod. The steering wheel turned in his hands but he had no control over the course of the car. He shut off the ignition; the car swerved to the left, crossed the road to the easterly side, and when struck by the defendant's automobile was partly on and partly off the surfaced portion of the highway. The decisive factors in the record about which there is no dispute among the plaintiffs' witnesses are, firstly that the collision took place on the easterly side of the highway at a point twenty-seven feet in a southerly direction on the highway from the point where Mr. Rossier knew that there was something the matter with his car, secondly that he did not at any time apply his brakes, and thirdly that the collision occurred either just before his car came to a stop or

within a split second of the time after it came to a stop depending on whether you take his version or that of his wife as to what happened. As a matter of fact, Mrs. Rossier says that she can't tell whether the car "was stopped or still may have been moving a little bit."

If we measure twenty-seven feet southerly on the highway from the point where trouble first developed and draw a line at right angles across the highway to the shoulder on the easterly side, we find the point according to Mr. Rossier's version where the cars came together. The hypotenuse of this triangle, which is approximately the course which the automobile must have followed, would measure approximately thirty-two feet. This distance the Rossier car without any application of the brakes travelled in the interval of time between the breaking of the tie rod and the collision. Assuming a rate of speed of but twenty miles an hour, this would be an interval of but a little over one second. The three plaintiffs all assert that at the time Mr. Rossier lost control of his car there was no automobile approaching northerly on the road, that there was a clear view of approaching cars for a distance of one-tenth of a mile, and that when the defendant's car, approaching from the opposite direction on its own side of the highway, became visible over the rise over five hundred feet away, their car was either well across the road or had actually reached the other side. The plaintiffs must be mistaken on this point for if we accept their estimates of distances the defendant's car would have been travelling at a rate of speed which is incredible. As a matter of fact there is no evidence by anyone with the possible exception of Mrs. Rossier that the defendant's speed was in any respect unreasonable, and Mrs. Rossier's testimony as to speed is indefinite and carries little weight in the light of her obvious but easily understood confusion with respect to many of the circumstances of the accident.

What we regard as the jury's misconception of what happened in this case is due we think to their failure to appreciate the very short space of time during which all the events under

consideration occurred. The case has been presented on the theory that there was time for reflection and action by the parties involved, and particularly by the defendant. It is claimed that the defendant could have stopped or could have swerved to her left so as to have avoided the Rossier car. If these contentions could be substantiated we should have facts analogous to those considered by us in the case of *Jordan, Admx.* v. *Maine Central Railroad Co.*, 139 Me., 99, 27 A. (2d), 811, recently decided by this court, which involved the doctrine of "the last clear chance." But the present case is utterly unlike that. Whatever the speed of the defendant may have been, all that happened occurred while the Rossier car was travelling a distance of slightly more than thirty feet and in a space of time of not more than two seconds. The plaintiffs claim that Mrs. Merrill, the defendant, was negligent, in that during that period of time she did not realize that the Rossier car was out of control, and because she did not either swerve to the left or stop her car before the impact. The fact is that the defendant had no opportunity whatsoever to avoid this accident after she knew or should have known that the Rossier car was out of control. It is altogether too much under these circumstances to ask of mind and hand to formulate a decision and to execute it in two seconds or less of time.

On the plaintiffs' own evidence we see nothing here to indicate the negligence of the defendant. Rather we think that the plaintiffs' figures as to space and time support the testimony of Mrs. Merrill. She says that, as she was proceeding in a northerly direction on her own side of the road near the Johnson farm, she saw the Rossier car approaching on its own right-hand side of the road about three or four telephone poles away, that suddenly as they neared each other it swerved to the left, that she jammed on her brakes and pulled her car as far as possible to the right almost into the ditch but could not avoid the accident. That she pulled far to the right is evident, for it is not disputed that it was the left front end of each car which received the force of the impact.

The record in this case satisfies us that the accident was caused by the breaking of the steering gear of the Rossier car which swerved to the left directly into the path of the oncoming car of the defendant who was herself without fault.

*Motions sustained.*
*New trials granted.*

WORSTER, J., having retired, does not join in this opinion.